UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
CIVIL DIVISION

| | |
|---|---|
| SAMUEL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) COMPLAINT FOR A CIVIL CASE |
| v. | ) |
| | ) CASE NO.: |
| WALMART INC., and WAL-MART STORES EAST I, LP, an Arizona limited Partnership, | ) |
| | ) |
| | ) |
| | ) **PLAINTIFF REQUESTS TRIAL BY JURY** |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Samuel Johnson, by and through his undersigned counsel, hereby sues the Defendants, Walmart, Inc. And Wal-Mart Stores East, LP, an Arizona limited partnership (Defendants shall be collectively called "Walmart") and alleges as follows in support thereof:

### I. PARTIES

1. That at all times material hereto, Plaintiff, Samuel Johnson was a resident of Washington County, Missouri, and was otherwise sui juris.

2. That at all times material hereto, Defendant, Walmart, Inc. is a publicly traded company with its headquarters located at 702 S.W. 8th St. Bentonville, AK 72716. That at all times material hereto, Defendant, Wal-Mart Stores East, LP was a, Arizona limited partnership with its headquarters located at 702 S.W. 8th St. Bentonville, AK 72716.

3. At all times relevant Walmart was the owner, Manager, Partner and or operator of a Walmart Supercenter # 152 ("Supercenter") located at 12862 State Route 21, De Soto, Jefferson County, Missouri.

## II. JURISDICTION

4. That this is an action for damages in excess of SEVENTY-FIVE THOUSAND DOLLARS, exclusive of interest, attorney's fees and costs, and is otherwise within the jurisdictional limits of this court.

5. Complete diversity exists because the amount in question exceeds $75,000 and the parties reside in different states.

## II. FACTS

6. On or about December 24, 2019, Plaintiff was an invitee of entered into the premises where the Supercenter was located.

5. Upon entering the first set of exterior doors to the premises, Plaintiff went to retrieve a shopping cart from the shopping cart dispensary area.

6. At the time Plaintiff was retrieving a cart for use in shopping at the Supercenter, employees of Walmart were operating a motorized shopping cart transportation device and moving dozens of shopping carts from the parking area of the Supercenter to the shopping cart dispensary area while Plaintiff was taking a shopping cart.

7. The Walmart employees were playing games with one another, verbally jesting, operating their cell phones, and were not otherwise observant of their surroundings, including the area where Plaintiff was getting a shopping cart.

8. The Walmart employees proceeded to transport and move the dozens of shopping carts, weighing hundreds of pounds, directly into the body of the Plaintiff, pinning him between the shopping carts in the dispensary area and the carts that the Walmart employees were transporting.

9. The Walmart employees did not notice the presence of Plaintiff and continued to

drive forward with the motorized shopping cart mover forcing Plaintiff into the standing carts with great pressure and force.

  10. The great pressure and force caused by the dozens of carts and the motorized shopping cart mover caused great physical harm to the Plaintiff, including the following injuries:

  a. A torn meniscus.

  b. Bone fragments in his knee.

  c. A damaged ACL.

  d. A disk injury and neve injury to his back.

  e. and a hematoma.

  11. Plaintiff's injuries are not self-healing and require surgery to alleviate, repair or reduce. Plaintiff's injuries are likely to be permanent, but treatment is ongoing, and a surgical knee replacement is likely necessary.

  12. Plaintiff suffered and suffers extreme pain as a result off his injuries, has lost range of motion, and has lost wages due to an inability to perform his manual labor employment duties.

  13. The Walmart employees had a duty of care to perform their duties in transporting shopping carts in a manner that did not cause injury or damage to patrons or invitees of the the Supercenter.

  14. The Walmart employees breached that duty by operating the shopping cart moving equipment and shopping carts in a manner that caused great bodily harm to Plaintiff. The Walmart employees' conduct was negligent.

  15. As a direct and proximate result of the failure of the Walmart employees to perform their duty of care, Plaintiff suffered great and permanent bodily injury, pain and suffering, and lost wages.

16. As a result of the aforesaid negligence of Defendant and its employees, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of income, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, Samuel Johnson, demands judgment against the Defendant, Walmart, Inc., damages in excess of Seventy-Five Thousand Dollars ($75,000.00), costs and interest allowable by law and demands a trial by jury of all issues triable as a matter of right by a jury.

**PLAINTIFF REQUESTS TRIAL BY JURY**

Dated this 15th day of July, 2022.

Goldberg & Loren, P.A.
Attorneys for Plaintiff
1776 North Pine Island Road
Suite 224
Plantation, FL 33322
Phone: (800)719-1617
Facsimile:(888) 272-8822
E-Mail: JLoren@goldbergloren.com

_____
James M. Loren, Esq.